[No. 42498.   En Banc.   September 27, 1973.]

DIVERSIFIED INDUSTRIES DEVELOPMENT CORPORATION, *Respondent,* v. R. BRUCE RIPLEY *et al., Appellants.*

*Elizabeth J. Bracelin* (of Horswill, Keller, Rohrback, Waldo & Moren), for appellants.

*Davies, Pearson, Anderson, Gadbow & Hayes, P.S.,* by *Wayne J. Davies,* for respondent.

HAMILTON, J.—This is a declaratory judgment proceeding. Respondent, Diversified Industries Development Corporation, the owner and lessor of the residential property here involved, initiated the action against appellants, Bruce and Doris Ripley, month-to-month tenants in the residential unit, and their liability insurer, Ohio Casualty Insurance Company. Respondent prayed for an adjudication of potential financial responsibility as between respondent and its insurer, and appellants, in connection with an accident and injuries occurring on the residential premises to a social guest of the Ripleys. Appellants appeal from an adverse judgment.

The facts are stipulated. Briefly, and so far as relevant to our disposition of the cause, they are as follows:

On June 1, 1969, Mr. and Mrs. Ripley rented a residence from respondent under a written month-to-month rental agreement. Employees of respondent, in preparing the premises for the Ripleys' occupancy, discovered that a wagon wheel mounted upon and cemented to a stone fence had fallen from its mounting. They replaced the wheel in its mounting but did not otherwise secure it to the fence. The Ripleys were not advised of this condition by respondent and did not otherwise know of it.

On July 19, 1969, Mr. and Mrs. Bradley Martin and their 4-year-old daughter were social guests of the Ripleys. During this visit, the wagon wheel became dislodged and fell upon the minor child thereby injuring her. The insurers of the respective parties, i.e., the Ripleys and respondent, under medical coverage provisions of each policy, made payments to the Martins, and their respective adjusters maintained contacts with the Martins until March 1970, when the Martins moved to the state of Michigan. No further written claim, or demand, for or on behalf of the minor has been made; however, due to the age of the child, the statute of limitations will be tolled for an extended period of time. RCW 4.16.190.

The month-to-month rental agreement contained, among other provisions, the following:

4. Tenant agrees . . . that Owner shall not be held liable for any damage to person or property of Tenant, his guests, or any member of his family, by reason of any condition of the premises, and agrees to hold Owner harmless from any claims for damage to persons or property asserted by any person whomsoever, arising out of condition of said premises or Tenant's occupancy.

Respondent alleged and contended that the foregoing provision of the rental agreement imposed responsibility for any claim of damages by or on behalf of the injured minor upon appellants, and that the continuing risk or hazard of such a claim, coupled with appellants' refusal to accept responsibility therefor, generated a justiciable controversy between the parties. Appellants, in response, maintained that, because no claim or suit for damages had been forthcoming on behalf of the injured minor, the action was devoid of a justiciable dispute, thus precluding declaratory relief, and alternatively asserted the cited provision of the rental agreement was exculpatory in nature, contrary to public policy, and void.

The trial court held a justiciable controversy existed between the parties, and so construed the cited provision of the rental agreement as to place upon appellants the ultimate financial responsibility for any claim of damages which might arise on behalf of the injured minor.

On appeal, appellants, in essence, contend the trial court erred in concluding that a justiciable controversy presently existed and/or in refusing to void the contractual provision in issue.

We agree with appellants' assertion that no justiciable controversy currently exists between the parties and that declaratory relief is presently premature.

The trial court predicated its conclusion that there existed a justiciable controversy upon the following finding:

### IV

That the parties hereto and their insurers face the possibility of demand or claim from the minor, Sherry Anne Martin, on which the Statute of Limitations will not run for approximately twenty years. That the parties'

rights under the Month to Month Rental Agreement should be construed at this time so that the parties will know the risks that they face and prepare accordingly. That the proceedings herein are adversary in character and the controversy is one upon which a judgment of this court will control.

The two operative facets of this finding, and the resultant conclusion of the trial court that a justiciable controversy existed, appear to be: (1) the possibility of some future claim for damages arising on behalf of the minor and (2) the desirability of the parties being able to presently ascertain their risks and prepare accordingly. With respect to the first, the record, including the stipulated facts and the trial court's findings, does not indicate or reveal in any way the nature of the minor's injuries or that a claim for damages by or for the minor will be made, is imminent or even threatened now or any time in the future. In short, the prospect of such a claim ever being made is left to speculation and conjecture. And, as to the second facet, the record fails to reveal why, how, or under what circumstances the offending wheel fell upon the minor child, the extent of the injuries, or the provisions and limits of the insurance coverage, thus again leaving to speculation the risks or the course of preparatory action either one or both of the parties might deem necessary to pursue now or in the future with respect to a prospective claim, regardless of the applicability of the foregoing provision of the rental agreement.[1]

■ This court, in applying the Uniform Declaratory Judgments Act, RCW 7.24, has, in the absence of the intrusion of issues of broad overriding public import,[2] stead-

---

[1]We note the recent passage of Laws of 1973, 1st Ex. Sess., ch. 207, §§ 23(2)(d) and 23(3), p. 1590, declaring exculpatory and indemnity clauses in rental agreements unenforceable. We do not comment or pass upon the effect thereof on the instant rental agreement, although the legislation does reflect a public policy in this area of the law.

[2]*See, e.g., Sorenson v. Bellingham,* 80 Wn.2d 547, 496 P.2d 512 (1972); *State ex rel. Distilled Spirits Institute v. Kinnear,* 80 Wn.2d 175, 492 P.2d 1012 (1972); *State ex rel. O'Connell v. Dubuque,* 68

fastly adhered to the virtually universal rule that, before the jurisdiction of a court may be invoked under the act, there must be a justiciable controversy: (1) which is an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive. *Kahin v. Lewis*, 42 Wn.2d 897, 259 P.2d 420 (1953); *Conaway v. Time Oil Co.*, 34 Wn.2d 884, 210 P.2d 1012 (1949); *Brehm v. Retail Food & Drug Clerks Union 1105*, 4 Wn.2d 98, 102 P.2d 685 (1940); *Adams v. Walla Walla*, 196 Wash. 268, 82 P.2d 584 (1938); *Washington Beauty College, Inc. v. Huse*, 195 Wash. 160, 80 P.2d 403 (1938). These elements must coalesce, otherwise the court steps into the prohibited area of advisory opinions.

In the instant case, we are satisfied that until the projected claim for or on behalf of the Martins' child becomes something more discernible than an unpredictable contingency, the cause is not ripe for declaratory relief. Just as the law in the landlord-tenant area has been redefined in Laws of 1973, 1st Ex. Sess., ch. 207, p. 1580, so might other intervening developments in this field have a possible effect upon the interpretation to be accorded the rental agreement in issue at such time, if ever, a claim is asserted on behalf of the Martin child. We, therefore, do not now reach the merits.

The judgment of the trial court is reversed, and the cause is dismissed without prejudice.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

Wn.2d 553, 413 P.2d 972 (1966); *State ex rel. Ruoff v. Rosellini*, 55 Wn.2d 554, 348 P.2d 971 (1960).