89 P.3d 316 (2004)
121 Wash.App. 601
SUPERIOR ASPHALT AND CONCRETE CO. INC.; and Western States Paving Co. Inc., Appellants,
v.
The WASHINGTON DEPARTMENT OF LABOR AND INDUSTRIES; Gary Moore, The Director of the Washington Department of Labor and Industries; and Michael Silverstein, The Assistant Director of the WISHA Services Division, Respondents.
No. 22166-1-III.
Court of Appeals of Washington, Division 3, Panel Seven.
May 6, 2004.
*317 Gary Edward Lofland, Attorney at Law, Yakima, WA, for Appellants.
Bourtai Hargrove, Attorney General's Office, Olympia, WA, for Respondents.
SCHULTHEIS, J.
Superior Asphalt and Concrete Co. Inc. and its subsidiary, Western States Paving Co. Inc.,[1] filed a declaratory judgment action against the Department of Labor and Industries in Yakima County Superior Court, challenging the constitutionality of a safety regulation, WAC 296-155-305(2), which governs flagger safety on road and highway worksites. In this appeal, Superior contends the safety regulation is unconstitutionally vague since people of common intelligence cannot understand what is required or prohibited. It also complains the Department has unfettered discretion in enforcing the safety regulation. Under the specific facts of this case, we must follow precedential case law and affirm the trial court's decision.

FACTS
The Department is charged with the enforcement of all Washington Industrial Safety and Health Act (WISHA) rules and regulations, which it does through inspections, issuing citations, and imposing monetary penalties. RCW 49.17.070, .120, .180. Employers are statutorily mandated to comply with WISHA promulgated rules and regulations. RCW 49.17.060(2). In 2000, in response to the increase of flagger fatalities in this state, the legislature directed the Department to adopt permanent rules revising any safety standards governing flaggers. RCW 49.17.350. As a result, WAC 296-155-305(2)[2] was amended.
Superior Asphalt and Western States are contractors that perform road and highway construction all over the state of Washington. While working on a road project in Clark County, Washington, Western States was cited for violating the flagger safety regulation. It initially informally appealed the citation, claiming it was unjust under the specific circumstances. The Department denied the appeal and issued a Corrective Notice of Redetermination (CNR). Western States appealed the CNR and a more formal hearing was held before the Board of Industrial Insurance Appeals pursuant to RCW 49.17.140. At its conclusion, the Board determined the Department could not prove a violation had occurred and vacated Western States' citation. However, it properly refused to discuss Western States' contention that WAC 296-155-305(2) was unconstitutionally vague.[3] The Board also imposed discovery sanctions and awarded attorney fees to Western States. The Department's petition for review of the Board's decision regarding sanctions and fees was denied.
Superior filed a complaint seeking a declaratory judgment and injunctive relief against the Department, claiming WAC 296-155-305(2) was unconstitutionally vague. The action was brought on the basis that although road contractors were statutorily required to abide by the recently promulgated flagger safety regulation, there were no clear guidelines as to what employer activities were required or prohibited. Superior also argued the ambiguous regulation would lead to arbitrary enforcement by Department inspectors since no training program, manual, or guidebook had been developed to assist the contractors or the inspectors during the enforcement process. In filing its motion to dismiss the lawsuit, not only did the Department deny the regulation was unconstitutionally *318 vague, it also claimed Western States had failed to exhaust its administrative remedies prior to filing the lawsuit and thus lacked standing to challenge the regulation. It also argued Superior Asphalt lacked standing since it had never been cited for violating the safety regulation at issue.
The trial court granted summary judgment dismissal in favor of the Department, finding the challenge to the safety regulation was not yet ripe for review since Superior Asphalt had not been cited by the Department for violation of WAC 296-155-305 and Western States had not requested that the reviewing court consider the facts surrounding the issuance of its citation, which had already been vacated by the Board. Superior filed a motion for reconsideration and a motion to amend the pleadings to conform to the evidence presented. The motions were denied. This timely appeal resulted.

ANALYSIS
The Uniform Declaratory Judgments Act allows a party to ask the court to determine the constitutionality of a statute. Chapter 7.24 RCW. However, unless an issue is of broad overriding public import, the parties must present evidence of a justiciable controversy before the jurisdiction of a particular court may be invoked. To-Ro Trade Shows v. Collins, 144 Wash.2d 403, 411, 27 P.3d 1149 (2001). In any action under the Uniform Declaratory Judgments Act, the standing requirement tends to overlap the justiciable controversy requirement. Id. at 411 n. 5, 27 P.3d 1149.
Before we may reach the merits of Superior's appeal, we must first determine whether it has standing to challenge the constitutionality of WAC 296-155-305(2). Before the jurisdiction of a court may be invoked under the Uniform Declaratory Judgments Act, a justiciable controversy must exist. Diversified Indus. Dev. Corp. v. Ripley, 82 Wash.2d 811, 814-15, 514 P.2d 137 (1973). A justiciable controversy is an actual, present, and existing dispute, or the mature seeds of one, which is distinguishable from a possible, dormant, hypothetical, speculative, or moot disagreement. To-Ro, 144 Wash.2d at 411, 27 P.3d 1149. To be justiciable, a dispute must be between parties that have genuine and opposing interests, which are direct and substantial and not merely potential, theoretical, abstract, or academic; and a judicial determination of the dispute must be final and conclusive. Id. "Inherent in these four requirements are the traditional limiting doctrines of standing, mootness, and ripeness, as well as the federal case-or-controversy requirement." Id. The purpose of these requirements is to ensure the court will render a final decision on an actual dispute between opposing parties with a genuine stake in the court's decision. Id. Unless all these elements are present, the reviewing court steps into the prohibited area of advisory opinions. Diversified Indus., 82 Wash.2d at 815, 514 P.2d 137.
It is immediately apparent that there are two justiciability elements that are problematic to Superior's assignment of error on appeal. First, Superior is unable to prove that an actual, present, or existing dispute (or the mature seeds of one) exists as a result of the alleged unconstitutionality of the regulation. Second, it is unable to prove that the opposing interests it has with the Department regarding the safety regulation are direct and substantial rather than potential or theoretical. As the trial court correctly determined, Superior Asphalt had no standing to challenge the safety regulation because it had never been issued a citation. Although Western States had been issued a prior citation, it had already been vacated by the Board at the conclusion of an administrative hearing. By its own admission, Superior's purpose in bringing the declaratory judgment action was not to argue the merits of the issuance of the citation, but to request the court find the regulation unconstitutionally vague, which would force the Department to establish clear, meaningful guidelines that specifically state what action is required or prohibited. Superior contends that clear guidelines will allow all road contractors to better protect themselves and their employees on the jobsite. It also maintains that detailed guidelines will prevent arbitrary Departmental enforcement of the currently vague safety regulation.
This case presents facts similar to those faced by our Supreme Court in City of Spokane *319 v. Douglass, 115 Wash.2d 171, 795 P.2d 693 (1990). The Douglass case dealt with a contractor's challenge to the constitutionality of a city nuisance ordinance. Id. at 173, 795 P.2d 693. Because the nuisance charges were dismissed prior to trial and the record on appeal was incomplete, the Supreme Court determined any ruling it would make on the constitutional vagueness challenge would necessarily be conjectural and thus inappropriate. Id. at 183, 795 P.2d 693. Similarly, under the specific facts of this case, Superior is unable to provide proof that a justiciable controversy exists because there is no longer an existing dispute, which involves a present and direct interest in the enforcement of the safety regulation. Accordingly, just like the court in Douglass, any decision we make regarding the constitutionality of the flagger safety regulation would be advisory, which by long-standing tradition in this state is not allowed. See Walker v. Munro, 124 Wash.2d 402, 414, 879 P.2d 920 (1994).
Additionally, this constitutional vagueness challenge does not involve First Amendment issues. As such, the vagueness challenge would have to be evaluated "as applied" rather than as a facial challenge. Weden v. San Juan County, 135 Wash.2d 678, 708, 958 P.2d 273 (1998). This means the actual conduct surrounding the facts of the citation issued must be challenged, rather than some hypothetical situation that may or may not occur at a later date. Id. As noted above, because the facts surrounding the issuance of the original citation were not contested, no justiciable controversy exists.
Superior argues it does have standing to contest the constitutionality of the regulation since it is a road contractor, with ongoing road and highway construction contracts. As such, it is required to abide by the flagger safety regulation, which Superior argues is enough to create standing. We disagree. Standing to bring a constitutional vagueness challenge has been fully discussed by our Supreme Court in To-Ro, Douglass, and Weden, which were discussed above. Superior voices its concern that the Department will continue to issue expensive citations for violations it does not yet fully understand. This argument falls into the possible, hypothetical, or speculative category, which does not meet the first element of a justiciable controversy. As such, the argument fails.
Superior next asks us to override the standing and justiciability requirements and issue an advisory opinion on these facts because resolution of the constitutionality of the flagger safety regulation is of broad overriding public import. It also claims that a decision from this court would provide guidance to public officials charged with enforcing the regulation and to contractors charged with complying with the regulation. Instead, we must adhere to the venerated rule that states we are not authorized, under the Uniform Declaratory Judgments Act, to render advisory opinions or pronouncements upon abstract or speculative questions of law. Walker, 124 Wash.2d at 418, 879 P.2d 920.
Because Superior lacks standing to challenge the safety regulation, and because the case is not of sufficient public import to authorize us to override the lack of standing and justiciability issues in order to render an advisory opinion, we are unable to address the constitutionality issue on appeal. The trial court decision is affirmed. The Department's request for fees and costs on appeal is denied.
WE CONCUR: KATO, C.J., and KURTZ, J.
NOTES
[1] Because Superior Asphalt and Western States are joint appellants in this appeal, unless otherwise noted, this opinion refers to the two contractors as Superior.
[2] The regulation was again amended in August 2003. However, the portion of the regulation under consideration in this appeal remains unchanged.
[3] The Board, as an arm of an administrative agency, has no jurisdictional authority to resolve the constitutionality of the law it administers. Franklin County Sheriff's Office v. Sellers, 97 Wash.2d 317, 333, 646 P.2d 113 (1982).