# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| HARBOR PLUMBING, | No. 51767-1-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | |
| Respondent. | |

MAXA, C.J. – Harbor Plumbing appeals the trial court's dismissal under CR 12(b)(6) and CR 12(c) of Harbor's complaint against the Department of Labor and Industries (DLI). Harbor's complaint challenged the constitutionality of RCW 18.106.020(1), which provides that DLI may require by rule that plumbers wear and visibly display a competency certificate or temporary permit. The complaint requested relief under the Uniform Declaratory Judgments Act (UDJA), chapter 7.24 RCW. Harbor also alleged that WAC 296-400A-024(3), which states that plumbers are "encouraged" to wear their certificates, was invalid because DLI failed to comply with the rulemaking procedures under the Administrative Procedure Act (APA).[1]

We hold that (1) Harbor's UDJA claim regarding RCW 18.106.020(1) is not justiciable because the statute does not directly affect Harbor and because DLI has not exercised its

---

[1] Ch. 34.05 RCW.

authority under the statute to require plumbers to wear a certificate, and (2) the provision in

WAC 296-400A-024(3) encouraging plumbers to wear their certificates does not constitute a

"rule" because it relates to voluntary conduct and therefore is not subject to the APA's

rulemaking procedures. Accordingly, we affirm the trial court's order dismissing Harbor's

complaint.

## FACTS[2]

*Adoption of WAC 296-400A-024*

In 2009, the legislature amended RCW 18.106.020(1), which addresses competency

certificates for plumbers, to include a provision stating that DLI "may establish by rule a

requirement that [a plumber] wear and visibly display his or her certificate or permit." LAWS OF

2009, ch. 36, § 2. DLI did not adopt such a rule at that time.

In June 2015, DLI filed a preproposal statement of inquiry, providing initial notice that it

was considering adopting new rules based on the authority granted in chapter 18.106 RCW.

Wash. St. Reg. 15-13-099, at 5 (June 16, 2015). The inquiry stated three possible changes under

consideration: amending the rules to be consistent with chapter 18.106 RCW, "[d]isplaying valid

plumber certificate of competency," and making general housekeeping changes. Wash. St. Reg.

15-13-099, at 5 (June 16, 2015).

In October 2015, DLI filed a notice of proposed rules in which it proposed to amend

certain sections and adopt new sections in chapter 296-400A WAC. Wash. St. Reg. 15-20-124,

at 151 (Oct. 7, 2015). The notice stated that one of the changes included "[e]stablishment of a

---

[2] Briefing by both parties references facts not contained in the complaint. But under CR 12(b)(6) or CR 12(c), this court generally may not look beyond the complaint. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 844, 347 P.3d 487 (2015). Therefore, we do not reference those facts.

requirement for display of valid plumber certificate of competency." Wash. St. Reg. 15-20-124, at 151 (Oct. 7, 2015). The notice proposed a new rule, WAC 296-400A-024, which included a requirement that individuals in the plumbing trade wear their relevant plumbing certificate:

> To work in the plumbing trade, an individual *must* possess, wear, and visibly display on the front of the upper body a current, valid plumber certificate of competency, medical gas endorsement, or plumber trainee card.

Wash. St. Reg. 15-20-124, at 155 (Oct. 7, 2015) (emphasis added). The same subsection also included additional detail about how to wear the certificate. Two other subsections in the proposed rule required that the certificate be immediately available for examination at all times and that individuals have in their possession governmental issued photo identification. Wash. St. Reg. 15-20-124, at 155 (Oct. 7, 2015).

DLI adopted permanent regulations relating to chapter 296-400A WAC in April 2016. Wash. St. Reg. 16-08-100, at 101 (Apr. 5, 2016). In the permanent version of WAC 296-400A-024, DLI changed the provision regarding plumbers wearing their certificate from mandatory to voluntary. Wash. St. Reg. 16-08-100, at 107 (Apr. 5, 2016). As adopted, the permanent version of WAC 296-400A-024(3) stated: "To work in the plumbing trade, an individual must possess, and is *encouraged* to wear, and visibly display on the front of the upper body a current, valid plumber certificate of competency." (Emphasis added.) The other portions of the regulation were adopted as proposed. *See* Wash. St. Reg. 16-08-100, at 107 (Apr. 5, 2016). The permanent version of WAC 296-400A-024 became effective in May 2016. Wash. St. Reg. 16-08-100, at 101 (Apr. 5, 2016).

*Complaint and Motions to Dismiss*

Harbor filed a complaint challenging RCW 18.106.020(1) and the proposed version of WAC 296-400A-024 before the permanent regulation had been adopted.

After the permanent version of WAC 296-400A-024 was adopted, Harbor filed a second amended complaint.[3] Harbor alleged causes of action under the UDJA and RCW 34.05.570(2), the APA provision addressing the validity of agency rules. First, Harbor requested declaratory relief on the basis that RCW 18.106.020(1) was unconstitutional for violating rights of equal protection, privacy, speech, bodily autonomy, and choice of appearance. Second, Harbor petitioned for judicial review of WAC 296-400A-024 on the basis that DLI failed to comply with the APA's rulemaking requirements by providing insufficient notice of the proposed changes.

DLI filed a motion to dismiss Harbor's compliant. For Harbor's challenge to RCW 18.106.020, DLI requested dismissal under CR 12(c) on the basis that the claim was not justiciable. For Harbor's challenge to WAC 296-400A-024, DLI requested dismissal under CR 12(b)(6) on the basis that the provision encouraging plumbers to wear their certificates did not meet the APA's definition of a "rule" and therefore was not subject to the APA's rulemaking procedures. The trial court granted both motions.

Harbor appeals the trial court's order dismissing its complaint.

## ANALYSIS

A.    STANDARD OF REVIEW

The trial court applied both CR 12(b)(6) and CR 12(c) in dismissing Harbor's claims. Under CR 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. CR 12(c) allows parties to move for judgment on the pleadings. When ruling on a motion to dismiss, generally the trial court may consider only allegations contained in the

---

[3] Harbor also filed a motion to join an additional plaintiff, an electrical contractor, in an attempt to challenge a similar regulation, WAC 296-46B-940, which mandated that electricians wear their certificates. The trial court denied joinder. Harbor does not appeal the trial court's order denying joinder, so any issues regarding WAC 296-46B-940 are not before us.

complaint and may not look beyond the face of the pleadings. *Jackson v. Quality Loan Serv. Corp. of Wash.*, 186 Wn. App. 838, 844, 347 P.3d 487 (2015).

Our analysis is the same under both CR 12(b)(6) and CR 12(c). *Wash. Trucking Ass'ns v. Emp't Sec. Dep't*, 188 Wn.2d 198, 207, 393 P.3d 761, *cert. denied* 138 S. Ct. 261 (2017). We review the trial court's dismissal de novo. *Id.* Dismissal is appropriate when it appears beyond doubt that a plaintiff will be unable to prove any set of facts that would justify recovery. *Id.* We assume the truth of the allegations in the plaintiff's complaint and may consider hypothetical facts not included in the record. *Id.*

B.     JUSTICIABILITY OF CHALLENGE TO RCW 18.106.020(1)

Harbor argues that its challenge to RCW 18.106.020(1) raised a justiciable controversy, and therefore the trial court erred in dismissing that challenge under CR 12(c). We disagree.

1.     Legal Background

The portion of RCW 18.106.020(1) challenged by Harbor authorizes DLI to engage in rulemaking requiring plumbers to wear their competency certificates. The relevant language provides, "The department may establish by rule a requirement that the person also wear and visibly display his or her certificate or permit." RCW 18.106.020(1).

Harbor asserted its challenge to RCW 18.106.020(1) under the UDJA, which provides courts with the authority to declare rights, status, and other legal relations through a declaratory judgment. RCW 7.24.010; *League of Educ. Voters v. State*, 176 Wn.2d 808, 816, 295 P.3d 743 (2013). For a court to hear a case under the UDJA, a justiciable controversy must exist or the case must present an issue of major public importance. *League of Educ. Voters*, 176 Wn.2d at 816.

The test for a justiciable controversy includes four elements:

> "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

*Lee v. State*, 185 Wn.2d 608, 616, 374 P.3d 157 (2016) (quoting *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973)). A plaintiff must satisfy all four elements to be entitled to relief under the UDJA. *Lawson v. State*, 107 Wn.2d 444, 460, 730 P.2d 1308 (1986). If these elements are not satisfied, we would be issuing a prohibited advisory opinion if we addressed the claim. *Lewis County v. State*, 178 Wn. App. 431, 437, 315 P.3d 550 (2013).

The justiciability elements incorporate the traditional doctrines of standing, mootness, and ripeness, as well as the federal case-or-controversy requirement. *City of Longview v. Wallin*, 174 Wn. App. 763, 778, 301 P.3d 45 (2013). The first element concerns ripeness and mootness. *Lee*, 185 Wn.2d at 617. The third element encompasses standing. *Id.* at 618.

When the facts are not disputed, whether a claim is justiciable is a question of law that we review de novo. *Wallin*, 174 Wn. App. at 777.

2.    First Justiciability Element – Ripeness

Harbor argues that its challenge to RCW 18.106.020(1) satisfies the first justiciability element because the statute delegated authority to DLI to engage in rulemaking and DLI exercised that authority, even though the regulation adopted did not impose a mandatory requirement. We disagree.

To satisfy the first justiciability element, a plaintiff must show that the case involves an actual dispute rather than a possible, dormant, hypothetical, speculative one. *Lee*, 185 Wn.2d at 616. Courts have concluded that a claim is not justiciable under the first element when the plaintiff is seeking a declaration of rights and liabilities regarding an event that has not occurred

and may never occur. *See Lawson*, 107 Wn.2d at 460; *Diversified Indus. Dev.*, 82 Wn.2d at 814-15; *Lewis County*, 178 Wn. App. at 437-38.

In *Lawson*, the Supreme Court considered a challenge to a statute that authorized conversion of a railroad right of way to a non-railroad use without compensation to property owners who held a reversionary interest in the right of way. 107 Wn.2d at 446. The court held that a claim by plaintiffs who owned land bisected by a right of way did not satisfy the first justiciability element because nothing in the record indicated that the right of way would be abandoned or that the local government would acquire it. *Id.* at 460. Until such an action occurred, the claim was premature and lacked any "actual, present and existing dispute, []or the mature seeds of one." *Id.*

In *Diversified Industries Development*, the lessor of residential property sought a declaration regarding whether the lessee was liable in connection with a visiting child's injury on the property. 82 Wn.2d at 812-13. The court emphasized that the child had not asserted a claim for her injuries and whether she would ever assert a claim was speculative. *Id.* at 814. The court concluded that "until the projected claim for or on behalf of the . . . child becomes something more discernable than an unpredictable contingency, the cause is not ripe for declaratory relief." *Id.* at 815.

In *Lewis County*, the county sought a declaration that the state rather than the county was civilly liable for conduct of the judicial branch. 178 Wn. App. at 433. This court held that the county could not satisfy the first justiciability element because there were no pending claims against the county based on judicial branch conduct. *Id.* at 437. The county could not "show that its case presents an actual, present, and existing dispute or even the mature seeds of such a dispute." *Id.*

Here, as in *Lawson*, Harbor's challenge to RCW 18.106.020(1) is premature because there are no facts that would trigger application of the statute. DLI has not implemented its statutory authority to require plumbers to wear their certificates. And DLI may never adopt a mandatory rule. Until DLI takes that action, the authorization in RCW 18.106.020(1) is dormant and any dispute between Harbor and DLI is hypothetical and speculative.

As in *Diversified Industries Development* and *Lewis County*, DLI's adoption of a rule requiring plumbers to wear their certifications under the authority of RCW 18.106.020(1) has not yet occurred and may never occur. Even though it is *possible* that DLI could adopt a mandatory rule, whether DLI actually will adopt such a rule is undetermined. Therefore, adoption of such a rule is an "unpredictable contingency" that is not ripe for a declaratory action. *Diversified Indus. Dev.*, 82 Wn.2d at 815.

Harbor argues that its claim is ripe because the authorization in RCW 18.106.020(1) was invoked when DLI *proposed* the rule requiring plumbers to wear their certifications. Harbor claims that once DLI began the rulemaking process, an actual, present, and existing dispute arose. However, although the proposed rule may have created a *potential* dispute, no *actual* dispute arose because the proposed mandatory rule was not adopted.

Harbor cites two cases that it claims supports considering hypothetical future events. *See Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 949 P.2d 1291 (1997); *Benton County v. Zink*, 191 Wn. App. 269, 361 P.3d 801 (2015). But in *Coalition for the Homeless*, which concerned the Department of Social and Health Services' (DSHS) statutory duty to provide services to homeless children, it was "undisputed by the parties that homelessness is a serious, widespread problem." 133 Wn.2d at 900-01. On that basis, a ripe dispute existed as to DSHS's obligations to homeless children regarding foster care placements.

*Id.* at 918. And in *Zink*, the court addressed only whether the county had standing to seek a declaratory judgment concerning its obligations to respond to a Public Records Act request. 191 Wn. App. at 279. Even though the court did not address ripeness, the dispute was clearly ripe because the records request had been filed. *Id.* at 273.

Because DLI has not exercised the authority granted by RCW 18.106.020(1) to impose a mandatory obligation on Harbor, Harbor has not demonstrated that the dispute is actual, present, and existing, as opposed to possible, hypothetical, or speculative. Accordingly, we hold that Harbor's challenge to RCW 18.106.020(1) does not satisfy the first justiciability element, and on that basis is not justiciable.[4]

    3.    Exception for Issues of Major Public Importance

Harbor argues that even if its claim is not justiciable under the standard criteria, we should apply the exception for issues of major public importance. We disagree.

    a.    Legal Background

When a plaintiff's claim fails to meet the four justiciability elements, we may issue an opinion regarding that claim only on the rare occasion that the public's interest in resolution of an issue is overwhelming. *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 416, 27 P.3d 1149 (2001). The public importance exception applies if (1) an issue is of great public interest, (2) the issue has been adequately briefed, and (3) resolution would be beneficial to the public and other branches of government. *Walker v. Munro*, 124 Wn.2d 402, 414, 879 P.2d 920 (1994).

However, the public importance exception cannot apply if a dispute is not ripe. *Id.* The court in *Walker* explained that, "even if we do not always adhere to all four requirements of the

---

[4] Because of our holding, we do not address the mootness aspect of the first justiciability element or the third justiciability element (standing).

justiciability test, this court will not render judgment on a hypothetical or speculative controversy, where concrete harm has not been alleged." *Id.* at 415.

The Supreme Court has applied the ripeness requirement to deny consideration in cases of otherwise apparent public importance. In *Walker*, the plaintiffs challenged an initiative that limited state revenue, limited state expenditures, and required approval by both the voters and a supermajority of the legislative houses to increase expenditures. *Id.* at 405-06. The claim was not ripe because at the time most of the initiative's provisions were not in effect, making it possible that many of the alleged harms would never occur. *Id.* at 412-13. The public importance doctrine could not apply when "concrete harm has not been alleged." *Id.* at 415.

In *DiNino v. State ex rel. Gorton*, a woman challenged the constitutionality of a statute that allowed a person to execute a medical care directive to withhold life-sustaining procedures if the person was terminally ill, but precluded operation of the directive if the person was pregnant. 102 Wn.2d 327, 328, 684 P.2d 1297 (1984). The plaintiff's own directive stated that life-sustaining procedures should be withheld regardless of pregnancy and that any pregnancy should be terminated if she was terminally ill. *Id.* at 328-29. The court held that because the plaintiff was neither dying nor pregnant, the alleged violations – inhibiting her right to an abortion and to forego medical treatment – were not ripe. *Id.* at 331-32. For that same reason, the case could not be reviewed under the public interest exception. *Id.* at 332. The court later reaffirmed its holding in *DiNino* "[d]espite the obviously important constitutional rights involved." *Walker*, 124 Wn.2d at 415.

And in *League of Education Voters*, an initiative required that any bill that would increase spending beyond a limit be referred to the voters. 176 Wn.2d at 812. Even though the case arguably raised an issue of public importance regarding the legislature's ability to increase

state spending, the court refused to apply the public interest exception because the referendum requirement had never been triggered or impacted any legal interests. *Id.* at 820.

   b. Public Importance Analysis

  Here, as in prior cases, the public importance exception does not apply because the claimed violation is speculative. RCW 18.106.020(1) does not require a mandatory rule regarding the wearing of certificates and WAC 296-400A-024(3) is voluntary, and therefore Harbor has not alleged a "concrete harm" and its claim is not ripe. *Walker*, 124 Wn.2d at 415. Therefore, even if Harbor's claim was a matter of public importance, the exception cannot apply. *Id.*

  In addition, there is no indication that the public has an overwhelming interest in resolving this issue. The courts that have applied the public importance exception have done so where the issue, left unresolved, would have a direct and substantial public impact. *See, e.g.*, *Lee*, 185 Wn.2d at 618-19 (considering challenge to initiative that would either result in an immediate and yearly reduction in the state's operating budget of $1.4 billion or amend the Washington Constitution); *Farris v. Munro*, 99 Wn.2d 326, 328-30, 662 P.2d 821 (1983) (considering challenge to prevent enforcement of an act creating the state lottery, passed in response to a "fiscal and budgetary crisis"); *Wallin*, 174 Wn. App. at 782-83 (considering challenge to proposed initiative claiming that initiative was beyond local initiative power).

  Accordingly, we hold that the exception for issues of major public importance does not apply to Harbor's claim.

  4. Summary

  By allowing but not requiring DLI to adopt a rule regarding the wearing of plumbing certificates, RCW 18.106.020(1) does not impose any requirement on Harbor. And DLI has not

adopted such a rule. For those reasons, Harbor's challenge is hypothetical and speculative and as a result is not ripe. In addition, the exception for issues of major public importance does not apply.

Accordingly, we hold that Harbor's UDJA claim regarding RCW 18.106.020(1) is not justiciable, and we affirm the trial court's dismissal of that claim.

C.     APA CHALLENGE TO WAC 296-400A-024(3)

Harbor argues that the trial court erred in dismissing its challenge to WAC 296-400A-024(3) under CR 12(b)(6) despite Harbor's allegation that DLI failed to follow the required APA rulemaking procedures. We hold that the rulemaking procedures are inapplicable because WAC 296-400A-024(3) does not meet the definition of "rule" under RCW 34.05.110(16).

1.     Legal Background

a.     APA Rulemaking Requirements

The APA provides specific requirements before an agency may promulgate a rule, including notice requirements under RCW 34.05.320. The agency must publish in the state register specified information including a description of the rule's purpose and an explanation of the rule, its purpose, and its anticipated effects. RCW 34.05.320(1)(a), (c). Harbor's complaint alleged that DLI had failed to comply with the rulemaking procedures in RCW 34.05.320 in adopting WAC 296-400A-024.

However, rulemaking procedures apply only if an agency action meets the APA definition of a rule. *Budget Rent A Car Corp. v. Dep't of Licensing*, 144 Wn.2d 889, 895, 31 P.3d 1174 (2001). RCW 34.05.010(16) defines "rule" as "any agency order, directive, or regulation of general applicability" that falls within one of five categories. One category is when violation of a regulation "subjects a person to a penalty or administrative sanction." RCW

12

34.05.010(16)(a). Other categories include when a regulation establishes, alters, or revokes any qualifications for the enjoyment of benefits, RCW 34.05.010(16)(c), or establishes, alters, or revokes the issuance, suspension, or revocation of a license. RCW 34.05.010(16)(d).

RCW 34.05.570(2) provides for the judicial review of agency rules. RCW 34.05.570(2)(b)(i) provides that "[t]he validity of any rule may be determined upon petition for a declaratory judgment" when the rule appears to interfere with the plaintiff's legal rights or privileges. The plaintiff may petition the trial court without first requesting review by the agency. RCW 34.05.570(2)(b)(i). One basis for the court to declare a rule invalid is if the rule was adopted without compliance with statutory rulemaking procedures. RCW 34.05.570(2)(c). Harbor's complaint stated that its challenge to WAC 296-400A-024 was asserted under RCW 34.05.570(2).

### b. Plumbing Certificate Requirements

DLI's *proposed* WAC 296-400A-024 would have required individuals working in the plumbing trade to possess, wear, and visibly display a valid certificate of competency, and contained specific instructions regarding how the certificate could be worn. Wash. St. Reg. 15-20-124 (Oct. 7, 2015) at 155. The proposed rule also required that the certificate be immediately available for examination and that the individual be in possession of government-issued photo identification. Wash. St. Reg. 15-20-124 (Oct. 7, 2015) at 155.

The *permanent* rule adopted by DLI maintained all of those same requirements except for wearing the certificate of competency, which was only encouraged rather than required. WAC 296-400A-024(3). However, WAC 296-400A-024 still contains mandatory provisions. WAC 296-400A-024(1) states that the certificate must be immediately available for examination at all times. WAC 296-400A-024(2) requires that an individual have governmental issued photo

identification in his or her possession. And WAC 296-400A-024(3) requires plumbers to possess a current, valid certificate of competency. All of these mandatory requirements also are contained in RCW 18.106.020(1).

If a person fails to follow plumber certification requirements, WAC 296-400A-300(1) requires DLI to issue a notice of infraction. WAC 296-400A-300(2) specifically lists several bases for an infraction, including the failure to have a department-issued certification card and governmental photo identification on the job site. WAC 296-400A-300(2)(d). Failing to wear a competency certificate is not a basis for an infraction under WAC 296-400A-300(2). A person cited for an infraction is assessed a monetary penalty that increases with each successive infraction. WAC 296-400A-400(1).

      c.    Principles of Statutory Interpretation

Interpretation of whether WAC 296-400A-300 qualifies as a rule under the APA is a question of law that we review de novo. *See Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). The primary goal of statutory interpretation is to determine and give effect to the legislature's intent. *Id.* at 762. To determine legislative intent, we look first to the plain language of the statute. *Id.* We consider the language of the provision at issue, the context of the statute in which the provision is located, and related statutes. *Protect the Peninsula's Future v. Growth Mgmt. Hr'gs Bd.*, 185 Wn. App. 959, 969, 344 P.3d 705 (2015). We give words their usual and ordinary meaning. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). We may refer to a dictionary to determine the plain meaning of an undefined statutory term. *Nissen v. Pierce County*, 183 Wn.2d 863, 881, 357 P.3d 45 (2015).

If the plain meaning of a statute is unambiguous, we apply that plain meaning as an expression of legislative intent without considering extrinsic sources. *Jametsky*, 179 Wn.2d at

762. We will not rewrite unambiguous statutory language or add language to an unambiguous statute under the guise of interpretation. *Protect the Peninsula's Future*, 185 Wn. App. at 970.

        2.    Challenged Provision of WAC 296-400A-024(3)

Harbor argues that only the portion of WAC 296-400A-024(3) regarding the wearing of certificates is invalid: "To work in the plumbing trade, an individual . . . is encouraged to wear, and visibly display on the front of the upper body a current, valid certificate of competency." This portion of WAC 296-400A-024(3) does not meet the definition of "rule" in RCW 34.05.010(16).

There is no question that the certificate wearing provision is voluntary. WAC 296-400A-024(3) encourages but does not require plumbers to wear their certificates. As a result, none of the five categories in the statutory definition of a rule applies. A voluntary provision does not subject a person to a penalty or sanction for failing to comply. RCW 34.05.010(16)(a). A voluntary provision does not establish, alter, or revoke any qualifications for the enjoyment of benefits or for the issuance, suspension, or revocation of a license. RCW 34.05.010(16)(c), (d).

Harbor suggests that we imply a requirement under RCW 34.05.010(16) that any regulation that is proposed, promulgated, and codified in the WAC should be treated as a rule. But the plain language of RCW 34.05.010(16) does not include any such requirement, and we will not add language to a statute under the guise of interpretation. *Protect the Peninsula's Future*, 185 Wn. App. at 970.

Harbor also suggests that we treat the certificate wearing provision as an amendment to an existing rule. RCW 34.05.010(16) states that a rule includes the amendment of a prior rule. But WAC 296-400A-024 was promulgated as a new regulation and clearly is not an amendment.

Finally, Harbor argues that WAC 296-400A-024(3) is a rule because even though the first part of the subsection states that plumbers are only encouraged to wear their certificates, the remainder of the subsection outlines detailed methods of compliance. According to Harbor, those methods of compliance seem more mandatory than voluntary. But under the plain language of WAC 296-400A-024(3), those methods of compliance are not mandatory.

We hold that under the plain language of RCW 34.05.010(16), the portion of WAC 296-400A-024(3) that Harbor challenges does not constitute a "rule" under the APA. Therefore, we hold that the APA rulemaking procedures are inapplicable to WAC 296-400A-024(3).

3. WAC 296-400A-024 as a Whole

Harbor briefly suggests that WAC 296-400A-024 viewed as a whole constitutes a rule under RCW 34.05.010(16) because even though the certificate wearing provision is voluntary, the regulation contains several other mandatory provisions. Harbor apparently claims that WAC 296-400A-024 as a whole was subject to the APA rulemaking requirements even if WAC 296-400A-024(3) standing alone was not.

However, Harbor did not argue in the trial court that the focus should be on the entire regulation rather than only the provision encouraging plumbers to wear their certifications in determining the applicability of the APA rulemaking requirements. We generally do not consider arguments raised for the first time on appeal. *Kave v. McIntosh Ridge Primary Rd. Ass'n*, 198 Wn. App. 812, 823, 394 P.3d 446 (2017).

In addition, even on appeal Harbor does not provide any detailed argument on this issue. Harbor states that "perhaps" the existence of the mandatory provisions of WAC 296-400A-024 means that the regulation as a whole must be treated as a rule. But Harbor presents no further

argument. We generally do not consider issues not supported by meaningful argument. *Shelcon Constr. Grp., LLC v. Haymond*, 187 Wn. App. 878, 889, 351 P.3d 895 (2015).

Accordingly, we decline to consider Harbor's suggestion that WAC 296-400A-024 viewed as a whole constitutes a rule.

4. Additional Arguments by Harbor

Harbor asserts several other arguments to support its challenge to WAC 296-400A-024(3) even if the challenged provision does not constitute a rule under the APA. We reject all of these arguments.

First, Harbor argues that although DLI ultimately adopted a regulation that did not constitute a rule, that regulation should be invalid because DLI initially proposed a rule and failed to follow the APA rulemaking requirements. But Harbor sought to invalidate WAC 296-400A-024(3) under RCW 34.05.570(2), which provides judicial review regarding agency *rules*. Therefore, even if DLI initially violated the APA regarding the *proposed* rule, Harbor cannot challenge WAC 296-400A-024(3) under RCW 34.05.570(2) because the regulation ultimately adopted did not meet the APA's rule definition.

In addition, any violation of APA rulemaking requirements regarding a proposed rule would become moot if no rule was adopted. We generally will not consider a case that is moot or presents abstract questions. *4518 S. 256th, LLC v. Karen L. Gibbon, PS*, 195 Wn. App. 423, 433, 382 P.3d 1 (2016), *review denied* 187 Wn.2d 1003 (2017). An allegation that an agency would be required to follow rulemaking procedures if it had enacted a rule presents a hypothetical issue.

Second, Harbor argues that even if WAC 296-400A-024(3) is not a rule, Harbor should still be able to challenge the provision on grounds other than RCW 34.05.570(2). Harbor argues

that although its complaint stated that it was challenging WAC 296-400A-024(3) based only on RCW 34.05.570(2), limiting the claim to a RCW 34.05.570(2) challenge would improperly impose a code pleading requirement.

However, notice pleading under CR 8 does not allow a plaintiff to allege only the factual basis in its pleading, leaving the plaintiff unrestricted as to any particular legal theory. *See Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 158 Wn.2d 342, 352, 144 P.3d 276 (2006). A complaint is insufficient if it fails to give opposing parties fair notice of the claims asserted. *Id.* The Supreme Court explained the rule in reference to a plaintiff's late attempt to raise a claim under the Consumer Protection Act (CPA):

> To give effect to . . . CR 8 . . . , a litigant must plead more than general facts in a complaint to properly allege a CPA cause of action. If no reference is required to the CPA, a litigant would not have to amend its complaint to assert a violation. If this were the rule, a litigant could simply await trial and surprise its adversary with a CPA claim so long as enough facts were intermixed in the complaint. In hindsight it is easy to view facts and agree they support a CPA claim. It is a much more difficult, if not an impossible task, to predict whether a plaintiff will raise such a claim when it is not alleged in the complaint.

*Trask v. Butler*, 123 Wn.2d 835, 846, 872 P.2d 1080 (1994). Harbor cannot now argue a cause of action not alleged in its complaint, which in this case is limited to challenging WAC 296-400A-024 under RCW 34.05.570(2).

Third, and similarly, Harbor argues that we should treat WAC 296-400A-024 as a statute. RCW 35.04.570(4) allows a party to challenge an "other agency action," and RCW 34.05.010(3) defines "agency action" to include implementation or enforcement of a statute. Therefore, if WAC 296-400A-024 was a statute, Harbor could challenge its implementation under RCW 35.04.570(4). But Harbor cites no authority for the proposition that an agency regulation can qualify as a statute. In addition, as discussed above, Harbor's complaint alleges only that DLI violated RCW 34.05.570(2), not RCW 35.04.570(4).

Fourth, Harbor argues that the version of WAC 296-400A-024(3) adopted by DLI is invalid because it is substantially different than the proposed version. Under RCW 34.05.340(1), an agency may not adopt a rule that is substantially different from the proposed rule published in the agency's notice without commencing a new rulemaking proceeding. But as with the other rulemaking provisions, RCW 34.05.340(1) applies only to "rules." As discussed above, the certificate wearing provision in WAC 296-400A-024(3) does not constitute a rule. Therefore, RCW 34.05.340(1) is inapplicable to that provision.

Fifth, Harbor argues that the trial court erred in characterizing the certificate wearing provision as a policy statement. But the trial court did not characterize the provision as a policy statement. *See* Report of Proceedings (RP) at 18 ("I'm not saying that's what this is."). And in any event, our analysis does not depend on a finding that WAC 296-400A-024(3) constituted a policy statement.

Sixth, Harbor argues that by passing a regulation that is not a rule, DLI has improperly created an "exception" to judicial review. But a regulation still can be subject to judicial review even if it does not constitute a rule. As discussed above, a party can challenge a regulation that does not constitute a rule as an "other agency action" under RCW 34.05.570(4).

D.     ATTORNEY FEES

Harbor argues that if we reverse the trial court's ruling, we also reverse the trial court's award of statutory attorney fees of $200 to DLI. Because we affirm the trial court's dismissal, we do not reverse the trial court's statutory attorney fee award.

Harbor also requests attorney fees and costs on appeal under RCW 4.84.350 and RAP 14.2. But because Harbor has not prevailed on appeal, it is not entitled to attorney fees or costs.

No. 51767-1-II

## CONCLUSION

We affirm the trial court's order dismissing Harbor's complaint.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
WORSWICK, J.

_____
LEE, J.