FILED
COURT OF APPEALS
DIVISION II

2013 DEC 17 AM 8: 49

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LEWIS COUNTY, | No. 43790-2-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON, | PUBLISHED OPINION |
| Respondent. | |

JOHANSON, J. — Lewis County appeals the trial court's order dismissing its declaratory judgment action without prejudice. The County argues that the trial court erred in dismissing its case because (1) it meets all four justiciable controversy elements under the "Uniform Declaratory Judgments Act" (UDJA), chapter 7.24 RCW; and (2) in the alternative, it is a case of major public importance. We affirm because the trial court did not abuse its discretion in dismissing the County's case which neither meets the justiciable controversy elements nor presents an issue of major public importance.

## FACTS

In October 2011, the County sought judgment declaring that the State, and not the County, bears civil liability for the official acts of Lewis County Superior Court judges,

commissioners, juvenile court and juvenile detention staff, and other officers and employees (hereinafter "the Judicial Branch"). The County alleged that from time to time, parties bring proceedings against it claiming money damages and other relief due to acts of the Judicial Branch. In the past, the County was liable for such money damages, and the County sought a declaration that all future successful similar disputes be the State's financial responsibility. The County alleged that this case presented a question of great public importance to each of Washington's counties and to all people of Washington. The State responded that the County's case did not present a justiciable claim under the UDJA and alleged that the trial court lacked jurisdiction to hear the case.

The County then filed several declarations that explained how the superior court judges had handled proceedings involving the Judicial Branch in the past.[1] One declaration was from Vyrle Hill, Executive Director of the Washington Counties Risk Pool ("Risk Pool"), the County's insurance provider. Hill's declaration listed the claims and lawsuits submitted to the Risk Pool from 2000 through 2011 relating to actions of the Judicial Branch.

The State filed a motion for judgment on the pleadings under CR 12(c) and claimed lack of subject matter jurisdiction under CR 12(b)(1). The State argued that the judgment the County

---

[1] The chief civil deputy of the prosecuting attorney's office filed a declaration explaining that when legal or administrative actions involving the Judicial Branch had arisen in the past, that the judges would decide whether to use the prosecutor's attorneys or private practice defense attorneys to handle the action. The County's human resources administrator filed a declaration explaining that the judges did not regularly ask him for human resource advice, did not have their own human resources specialist, and did not contract with an outside human resources specialist. A County commissioner filed a declaration explaining that the judges made their own employment decisions and that the commissioners could offer advice but could not adopt any policies to reduce civil liability for the Judicial Branch.

No. 43790-2-II

sought would reverse 123 years of established law and practice by relieving the County of all liability for the official acts of the Judicial Branch, and that this practice would be more proper for the legislature, not the court, to change if it desired. The State also argued that the court should dismiss the County's complaint because it asked the court to speculate about hypothetical fact patterns that may never arise, had not pleaded a justiciable controversy under the UDJA, and had not joined necessary parties. In response, the County argued that the State should be financially responsible for the Judicial Branch because the County is unable to control or direct the Judicial Branch's conduct, that its claim met all the UDJA's justiciability elements, that all necessary parties were joined, and that its complaint presented a significant and continuing matter of public importance.[2]

The trial court granted the State's motion to dismiss and ordered judgment on the pleadings. After quoting the elements for a justiciable controversy, the court ruled that judgment for the State was appropriate because (1) the County did not present "'an actual, present, and existing dispute,'" quoting *Walker v. Munro*, 124 Wn.2d 402, 411, 879 P.2d 920 (1994); (2) the County did not present interests that were direct and substantial; and (3) there was no tort claim pending against the County. The court also ruled that the County's case did not present an issue of major public importance and dismissed the County's complaint without prejudice. The County appeals.

---

[2] The County supported its response with a declaration from the County's risk and safety administrator, who explained that the Risk Pool decides whether to settle or defend claims and that if the County disagreed with the Risk Pool's decision, the County could lose its insurance coverage.

3

## ANALYSIS

### I. STANDARD OF REVIEW

A court will refuse to consider a declaratory judgment action when it determines that the plaintiff has not presented a judiciable controversy and has not presented an issue of major public importance. *Nollette v. Christianson*, 115 Wn.2d 594, 598, 800 P.2d 359 (1990); *Kitsap County v. Smith*, 143 Wn. App. 893, 902, 180 P.3d 834, *review denied*, 164 Wn.2d 1036 (2008). We review a trial court's refusal to consider a declaratory judgment action for an abuse of discretion. *Nollette*, 115 Wn.2d at 599; *Kitsap County*, 143 Wn. App. at 902. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Kitsap County*, 143 Wn. App. at 902.

> "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard."

*Kitsap County*, 143 Wn. App. at 902 (quoting *Lu v. King County*, 110 Wn. App. 92, 99, 38 P.3d 1040 (2002)).

Here, the trial court refused to consider the declaratory judgment action because the County had failed to present a justiciable controversy and did not present an issue of major public importance. Thus, we must determine whether it abused its discretion in doing so.

### II. DISCUSSION

Courts have the "'power to declare rights, status and other legal relations'" by declaratory judgment. *League of Educ. Voters v. State*, 176 Wn.2d 808, 816, 295 P.3d 743 (2013) (quoting RCW 7.24.010). For a trial court to render a declaratory judgment under the UDJA, there must

be a justiciable controversy, unless the case presents an issue of major public importance. *Wash. State Republican Party v. Wash. State Pub. Disclosure Comm'n*, 141 Wn.2d 245, 284, 4 P.3d 808 (2000). We agree with the trial court that the County presented neither type of qualifying issue here.

### A. Justiciable Controversy

A justiciable controversy is

> "(1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive."

*Republican Party*, 141 Wn.2d at 284 (quoting *Wash. State Coal. for the Homeless v. Dep't of Soc. & Health Servs.*, 133 Wn.2d 894, 917, 949 P.2d 1291 (1997)). Each of these four elements must be met, otherwise the court "steps into the prohibited area of advisory opinions." *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973).

Addressing the first justiciability element, the County argues that its case presents an "actual, present and existing dispute, or the mature seeds of one" because of the frequency and regularity with which damage claims against the officers and employees of all 39 Washington superior courts arise. *Republican Party*, 141 Wn.2d at 284. The State argues that the County's case presents only a speculative or moot disagreement because the County did not currently have any individuals suing or even making a demand on the County for tortious conduct of any of the Judicial Branch. The State is correct. The County makes bare assertions but does not cite similar cases that would show that its case presents an actual, present, and existing dispute or

even the mature seeds of such a dispute. Thus the County gives us no basis to hold that the trial court abused its discretion.

Furthermore, as the State points out, this case is very similar to *Diversified Industries* where our Supreme Court held that the first justiciability element had not been met. 82 Wn.2d 815. In *Diversified Industries*, a lessor brought a declaratory judgment action against residential unit lessees and their liability insurer, asking the court to declare who would be financially responsible for accidents or injuries to a social guest on the lessees' premises. 82 Wn.2d at 812. For the first justiciability element, the Supreme Court held that until the claim for financial responsibility from the social guest became "something more discernible than an unpredictable contingency," the case was a hypothetical or speculative dispute.[3] *Diversified Indus.*, 82 Wn.2d at 815. Therefore, the court reversed the trial court's declaratory judgment and dismissed the case without prejudice. *Diversified Indus.*, 82 Wn.2d at 815. Here, the County presents a similar hypothetical or speculative dispute and simply cannot show that the first justiciability element is met.[4]

Addressing the third justiciability element, the County argues that the amount of money at stake in the future creates a direct and substantial interest here, citing Hill's declaration listing the claims and lawsuits submitted to the Risk Pool from 2000 through 2011, and citing *Health &*

---

[3] The court also discussed the fourth justiciability element and explained that because the legislature had just recently made changes to the landlord-tenant laws, other intervening developments in the field could easily have an effect on any interpretation that the declaratory judgment might provide. *Diversified Indus.*, 82 Wn.2d at 815.

[4] Because the County must establish all four elements to demonstrate a justiciable controversy the failure to establish any one element is fatal to its claim. Nonetheless, we exercise our discretion to address the third justiciability element as well.

*Hospital Corp. of Marion County v. Marion County*, 470 N.E.2d 1348, 1353 (Ind. App. 1984). But the County's sole citation to *Health & Hospital Corp.* is not persuasive. First, *Health & Hospital Corp.* is a nonbinding opinion from another state in which the court did not apply the same justiciable controversy test that we apply in Washington, and second, the amounts at issue were much higher than the amounts claimed here. 470 N.E.2d at 1353. In *Health & Hospital Corp.*, nearly one million dollars was at issue for the year 1978, and over one million dollars was at issue for each of the years 1979, 1980, and 1981. 470 N.E.2d at 1353. Here, as the State points out, the amount of money at issue is far lower. According to the County's own declarations, past claims against the Judicial Branch average less than $17,000 a year—nowhere near the one million dollars that created a substantial interest in *Health & Hospital Corp.* The County's arguments and cited authority are unpersuasive.[5]

As in *Diversified Industries*, the County presents a question of an unpredictable contingency because the County's action did not include facts of any financial liability claim that it presently faced. 82 Wn.2d at 815. The County does not cite any cases where aggregation of several past claims have been sufficient to create an "actual, present and existing dispute, or the mature seeds of one." *Republican Party*, 141 Wn.2d at 284. And we do not agree that the trial court abused its discretion in refusing to find that the amount of money at issue here creates "direct and substantial" interests. *Republican Party*, 141 Wn.2d at 284. We hold that the County

---

[5] Additionally, the County cites several more out-of-state cases to support its argument that state constitutional issues are well suited for declaratory judgments. But for a court to reach these grounds, it must first find that the justiciability elements are met and here the County cannot overcome this hurdle. The County fails to explain how its case resembles the cited cases, why established Washington case law is insufficient, or how the court abused its discretion in ruling that the justiciability elements were not met.

failed to meet its burden of showing that the trial court abused its discretion in concluding that the County failed to meet the four justiciability elements and, thus failed to present a justiciable controversy.

## B. Major Public Importance Exception

Alternatively, the County argues that if we determine that the justiciability elements were not met, we should hold that declaratory judgment would have been proper because it presents an issue of major public importance regarding the constitutional status of the Judicial Branch in the context of tort or contract litigation. We disagree.

If the four justiciability elements are not met, a court may still enter declaratory judgment if the issue is one of major public importance. *Republican Party*, 141 Wn.2d at 284. Whether an issue is one of major public importance depends on "the extent to which public interest would be enhanced by reviewing the case." *Snohomish County v. Anderson*, 124 Wn.2d 834, 841, 881 P.2d 240 (1994) (emphasis omitted). Courts will apply the major public importance exception only in rare cases where the public's interest is overwhelming and the issue has been adequately briefed and argued. *To-Ro Trade Shows v. Collins*, 144 Wn.2d 403, 416, 27 P.3d 1149 (2001), *cert. denied*, 535 U.S. 931 (2002). For the exception to apply, the dispute must also be ripe. *League of Educ. Voters*, 176 Wn.2d at 820. Whether a claim is ripe depends on whether the issues raised are "primarily legal, and do not require further factual development, and if the challenged action is final." *Jafar v. Webb*, 177 Wn.2d 520, 525, 303 P.3d 1042 (2013). If a

claim is speculative and hypothetical, it is not ripe. *Diversified Indus.*, 82 Wn.2d at 815. We also consider the hardship to the parties of withholding court consideration. *Jafar*, 177 Wn.2d at 525.

The County asserts that its case is ripe, arguing that because the state's 39 counties spend hundreds of thousands of dollars each year on such claims, its case "surely shows that the present action relates to anything but a hypothetical or speculative matter." Br. of Appellant at 17-18. But even if we agreed that the County's claim was ripe for review, the County fails to show that the public's interest is overwhelming.

The County does not compare its case to other cases where the major public importance exception has applied. Washington courts have applied this exception in cases involving, for example, eligibility to stand for public office, freedom of choice in elections, and the constitutionality of excise taxes. *Coal. for the Homeless*, 133 Wn.2d at 917. Clearly issues involving elections, public office, and constitutionality of taxes affect every citizen in the State, while the County's case here really affects only the corresponding budgets of the County and the State. A declaratory judgment here ultimately would not even directly affect citizens who bring claims against the Judicial Branch because the only issue presented is who is financially responsible: the County or the State.

We hold that the trial court did not abuse its discretion in ruling that the County's case does not present an issue of major public importance.

No. 43790-2-II

We affirm.

_Johanson, A.C.J._
Johanson, J.

We concur:

_Hunt_
Hunt, J.

_Worswick, C.J._
Worswick, C.J.

10