# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FREEDOM FOUNDATION, a Washington nonprofit organization, | No. 55642-1-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE PUBLIC DISCLOSURE COMMISSION, a State of Washington government agency, and AMALGAMATED TRANSIT UNION LEGISLATIVE COUNCIL OF WASHINGTON STATE, an IRS 527 political organization, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, C.J. — The Freedom Foundation (Foundation) appeals the superior court's order dismissing the Foundation's petition for judicial review under the Administrative Procedure Act (APA), chapter 34.05 RCW, and denying its motion for leave to conduct discovery. The Foundation argues that the trial court erred in concluding that the Foundation did not have standing and by denying its motion for leave to conduct discovery as moot.

We hold that the trial court did not err in concluding that the Foundation did not have standing nor by denying the motion for leave to conduct discovery as moot. Accordingly, we affirm the superior court's order dismissing the Foundation's petition for judicial review and denying the Foundation's motion for leave to conduct discovery.

FACTS

The Amalgamated Transit Union Legislative Council of Washington State (ATULC) is an organization involved in protecting the rights of Amalgamated Transit Union members, lobbying for new legislation, cooperating with local unions, and encouraging members to be politically active in matters affecting the transportation industry. The ATULC has been registered with the Public Disclosure Commission (PDC) as a lobbyist employer since at least 1996.

The Foundation filed a complaint with the PDC, alleging that the ATULC violated the Fair Campaign Practices Act (FCPA), chapter 42.17A RCW, by failing to register as a political committee between 2014 and 2018. The Foundation argued that the ATULC should be registered as a political committee and should be required to meet the reporting requirements of political committees because one if its primary purposes is influencing electoral political activity. The ATULC responded to the complaint by sending a letter to the PDC, arguing that it was not a political committee. The Foundation sent another letter to the PDC in response to the arguments in the ATULC's letter.

The PDC opened a formal investigation and held an initial hearing on the allegations against the ATULC. The PDC reviewed several years of the ATULC's activities and found that "the totality of the evidence does not suggest that ATULC is a political committee, because the making of [political contribution] expenditures was not its primary purpose, or even one of its primary purposes." Clerk's Papers (CP) at 43.

The PDC sent a letter to the Foundation informing the Foundation that the PDC was dismissing the matter against the ATULC. The Foundation requested that the PDC reconsider its findings and dismissal of the complaint against the ATULC. The PDC then sent a letter to the

Foundation informing the Foundation that the PDC did not find a reason to change its decision. The letter also stated, "As a reminder, neither the complainant nor any other person has standing to participate or intervene in any investigation or consideration of a complaint by staff. WAC 390-37-030. Nevertheless, staff provides this response as a courtesy to you." CP at 74 (underlining omitted).

The Foundation filed a petition for judicial review of the PDC's decision to dismiss the Foundation's complaint to the PDC regarding the ATULC. The Foundation also filed a motion for leave to conduct discovery. The PDC filed a motion to dismiss under CR 12(b)(6), arguing that the Foundation lacked standing to seek judicial review under the APA. The ATULC joined the PDC's motion to dismiss. The superior court held a hearing on the motions, granted the PDC's motion to dismiss, and denied the Foundation's motion for leave to conduct discovery as moot.

The Foundation sought direct review of this matter in our Supreme Court. Statement of Grounds for Direct Review, *Freedom Foundation v. Public Disclosure Commission*, No. 99281-9 (Wash. Dec. 15, 2020). Our Supreme Court transferred the appeal to this court. Order, *Freedom Foundation v. Public Disclosure Commission*, No. 99281-9 (Wash. Apr. 7, 2021).

ANALYSIS

A.     STANDING

The Foundation argues that it has standing because it suffered a competitive injury, because it was a party to the complaint that the PDC dismissed, and because it has associational standing on behalf of its supporters. We disagree.

1.    Legal Principles

We review de novo a trial court's ruling on a CR 12(b)(6) motion to dismiss. *Wash. Trucking Ass'n v. Emp't Sec. Dep't*, 188 Wn.2d 198, 207, 393 P.3d 761, *cert. denied*, 138 S. Ct. 261 (2017). Dismissal is appropriate when it appears beyond doubt that the plaintiff cannot prove any set of facts that would justify recovery. *Id*. We presume the truth of the plaintiff's allegations and may consider hypothetical facts not included in the record. *Id*.

We also review standing de novo. *City of Burlington v. Liquor Control Bd.*, 187 Wn. App. 853, 861, 351 P.3d 875, *review denied*, 184 Wn.2d 1014 (2015). The APA governs judicial review of agency actions. *Patterson v. Segale*, 171 Wn. App. 251, 258, 289 P.3d 657 (2012). A party has standing to obtain judicial review of an agency action if that party is aggrieved or adversely affected by the agency action. RCW 34.05.530. A party is aggrieved or adversely affected by the agency action only when three conditions are met:

> (1) The agency action has prejudiced or is likely to prejudice that person;
> (2) That person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and
> (3) A judgment in favor of that person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.

RCW 34.05.530.

The first and third requirements of this standing test are collectively referred to as the "'injury-in-fact' test." *Patterson*, 171 Wn. App. at 258 (quoting *Allan v. Univ. of Wash.*, 140 Wn.2d 323, 327, 997 P.2d 360 (2000)). The second prong is the "zone of interest" requirement. *Id*. at 258 n.5. The person challenging the agency action has the burden of showing the presence of all three conditions to prove standing. *Freedom Found. v. Bethel Sch. Dist.*, 14 Wn. App. 2d

75, 86, 469 P.3d 364 (2020), *review denied*, 196 Wn.2d 1033 (2021). Where a party fails to meet the injury-in-fact test, we need not determine whether the party's interests satisfy the zone of interest test. *See Patterson*, 171 Wn. App. at 258 n.5.

To satisfy the "injury-in-fact" test, a party must show prejudice by alleging facts that demonstrate the party is "'specifically and perceptibly harmed' by the agency decision." *Id*. at 258-59 (internal quotation marks omitted) (quoting *Trepanier v. City of Everett*, 64 Wn. App. 380, 382-83, 824 P.2d 524, *review denied*, 119 Wn.2d 1012 (1992)). The party must show an invasion of a legally protected interest. *Snohomish County Pub. Transp. Benefit Area v. Pub. Emp't. Relations Comm'n*, 173 Wn. App. 504, 513, 294 P.3d 803 (2013). And "a petitioner's interest 'must be more than simply the abstract interest of the general public in having others comply with the law.'" *Thompson v. City of Mercer Island*, 193 Wn. App. 653, 663, 375 P.3d 681 (quoting *Chelan County v. Nykreim*, 146 Wn.2d 904, 935, 52 P.3d 1 (2002)), *review denied*, 186 Wn.2d 1013 (2016).

"Conjectural or hypothetical injuries are insufficient to confer standing." *Bethel Sch. Dist.*, 14 Wn. App. 2d at 86. To prove redressability, the party must show that it is "'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Patterson*, 171 Wn. App. at 259 (internal quotation marks omitted) (quoting *KS Tacoma Holdings, LLC v. Shorelines Hearings Bd.*, 166 Wn. App. 117, 129, 272 P.3d 876, *review denied*, 174 Wn.2d 1007 (2012)).

2.      Competitive Harm

The Foundation argues that it suffered a competitive injury-in-fact because the PDC's dismissal of its complaint frustrates the Foundation's goal of informing and educating public employees about their rights not to subsidize a union.

Our Supreme Court has stated its intent to follow the United States Supreme Court, which "'routinely recognizes probable economic injury resulting from agency actions that alter competitive conditions as sufficient to satisfy' the injury-in-fact requirement." *Wash. Indep. Tel. Ass'n v. Wash. Utilities & Transp. Comm'n*, 110 Wn. App. 498, 512, 41 P.3d 1212 (2002) (quoting *Seattle Bldg. & Const. Trades Council v. Apprenticeship & Training Council*, 129 Wn.2d 787, 795, 920 P.2d 581 (1996)), *aff'd*, 149 Wn.2d 17 (2003). A party may suffer a competitive injury-in-fact when it loses a bargaining chip or loses the benefit of a rule that affects its negotiating leverage. *See Snohomish County Pub. Transp. Benefit Area*, 173 Wn. App. at 514. An organization's ideological disagreement with another's activity is not an injury sufficient to confer standing. *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485-86, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982).

Here, the Foundation argues that the PDC's dismissal of the ATULC matter renders the Foundation "unable to communicate with public employees concerning ATULC's political expenditures" and "affects it every day in its outreach and lobbying efforts." Br. of Appellant at 19. But the Foundation does not show how the PDC's dismissal of the ATULC matter altered the Foundation's competitive conditions, took away a bargaining chip, or affected its negotiating leverage. The Foundation implies that the ATULC is an "opponent[]" but does not establish how their interests are adverse to each other. Br. of Appellant at 10. At most, the Foundation shows

that it has different ideological beliefs than the ATULC, but that showing is not sufficient to confer standing. *See Valley Forge Christian College*, 454 U.S. at 485-86. Therefore, the Foundation has not shown that it suffered a competitive injury-in-fact sufficient to confer standing.

3.     Party Status

The Foundation also argues that it suffered an injury-in-fact because it was a party to the administrative complaint that the PDC dismissed. This argument was rejected in *Bethel School District*, 14 Wn. App. 2d at 88.

In *Bethel School District*, the Foundation filed a PDC complaint against a school district, which the PDC investigated and dismissed. *Id.* at 79. The Foundation petitioned for judicial review under the APA, arguing that it had standing because it was a party to the PDC complaint. *Id*. at 79, 85.

*Bethel School District* held that the Foundation did not have standing because it was not a party to the PDC complaint. *Id.* at 85. *Bethel School District* cited to RCW 34.05.010(12)(a) and (b), which states that a party to an agency proceeding is a "person to whom the agency action is specifically directed" or a "person named as a party to the agency proceeding or allowed to intervene or participate as a party in the agency proceeding." *Id.* at 87. Because the PDC action was not specifically directed toward the Foundation, and because the Foundation was not named or allowed to intervene as a party in the PDC proceeding, it was not a party. *Id*. And because the Foundation was not a party to the complaint, it "fail[ed] to show how its complainant status resulted in a specific and perceptible harm when the PDC denied its complaint." *Id.* at 88.

*Bethel School District* also referenced WAC 390-37-030(1), which states that PDC complainants do not "have special standing to participate or intervene in any investigation or

consideration of the complaint." *Id.* at 87. *Bethel School District* held that "[t]he FCPA does not confer standing on a complainant, and a complainant does not have the ability to participate in any proceeding unless requested by the PDC." *Id.*

Here, in its briefing, the Foundation relies on our unpublished decision in *Automotive United Trades Organization v. Public Disclosure Commission*, No. 50652-1-II (unpublished) (Wash. Ct. App. May, 14, 2019) (*AUTO*).[1] In *AUTO*, the PDC declined to take action on the Automotive United Trades Organization's (AUTO) citizen action notice and sent a decision letter to AUTO. *AUTO*, slip op. 1. AUTO then filed an untimely petition for judicial review, after the APA's appeal deadline. *Id*. at 6-7, 10. AUTO argued that the deadline was extended because it was unaware it had standing to challenge the decision letter until later. *Id*. at 9. The *AUTO* court held that the deadline was not extended because AUTO reasonably should have known the decision letter "would cause it specific and perceptible harm." *Id*. at 10.

The Foundation argues that *AUTO* stands for the proposition that a complainant has standing to challenge the PDC's dismissal of their complaint. But *Bethel School District* rejected the Foundation's same argument:

> [I]n *AUTO* we did not consider whether a complainant had standing to petition for review. Rather, we held that the complainant failed to timely file its petition for review, thus, the complainant was time-barred from filing the action. *AUTO* did not consider the question presented in this case.

14 Wn. App. 2d at 88. Like the court in *Bethel School District*, we reject the Foundation's argument that *AUTO* applies to this case.

---

[1] https://www.courts.wa.gov/opinions/pdf/D2%2050652-1-II%20Unpublished%20Opinion.pdf.

Here, like in *Bethel School District*, the Foundation argues that its status as a complainant made it a party to the PDC complaint, and that this party status confers standing.  But the Foundation's status as a complainant does not make it a party to the PDC proceedings, so it does not have a party status that could confer standing.  *See* RCW 34.05.010(12); WAC 390-37-030(1); *Bethel Sch. Dist.*, 14 Wn. App. 2d at 87-88.  Accordingly, we follow *Bethel School District* and hold that the Foundation's argument fails.

4.      Associational Standing

The Foundation argues that it has associational standing to challenge the PDC's dismissal of its complaint on behalf of all the Foundation's supporters[2] throughout Washington.

Generally, parties cannot rely on third party injuries to establish standing.  *KS Tacoma Holdings*, 166 Wn. App. at 138.  However, an exception exists where an association represents its members' interests.  *Id.*  An association has standing to sue on behalf of its members when "'(1) the members of the organization would otherwise have standing to sue in their own right; (2) the interests that the organization seeks to protect are germane to its purpose; and (3) neither claim asserted nor relief requested requires the participation of the organization's individual members.'" *Wash. State Nurses Ass'n v. Cmty. Health Sys., Inc.*, 196 Wn.2d 409, 415, 469 P.3d 300 (2020) (quoting *Int'l Ass'n of Firefighters, Local 1789 v. Spokane Airports*, 146 Wn.2d 207, 213-14, 45 P.3d 186, *amended on denial of recons.*, 50 P.3d 618 (2002)).

---

[2] The Foundation also references employees throughout its briefing.  However, the Foundation does not provide argument on how it has associational standing on behalf of its employees. Therefore, we do not address the issue.

Here, the Foundation argues that all of its supporters are harmed by the PDC allowing the ATULC's political activities to go unreported. The Foundation vaguely alleges that it has supporters across Washington who were directly harmed by the ATULC's "secret political activities over the span of several years." Br. of Appellant at 36. But the Foundation does not explain who these supporters might be or what direct harm they have suffered.

In support of its argument that its supporters have standing, the Foundation asserts that questions concerning the extent of the PDC's discretion "impact everyone who participates in representative democracy in the State of Washington and all of the various industries that are affected by the results of such electoral contests (which is to say, all of them)." Br. of Appellant at 37-38. But the Foundation fails to show how its supporters have suffered an injury distinct from the interests of all Washington residents who participate in representative democracy. Therefore, the Foundation has shown only "'the abstract interest of the general public in having others comply with the law,'" which is insufficient to confer standing. *Thompson*, 193 Wn. App. at 663 (quoting *Nykreim*, 146 Wn.2d at 935). Thus, the Foundation has failed to show the specific and perceptible harm required for an injury-in-fact.

Because the Foundation has not shown how its supporters have suffered an injury-in-fact, we hold that the Foundation has failed to show how its supporters would otherwise have standing to sue in their own right. Accordingly, the Foundation has failed to show it has associational standing.

As in *Bethel School District*, the Foundation has failed to show that it has standing. Therefore, we hold that the trial court did not err by dismissing the Foundation's petition for judicial review based on the Foundation's lack of standing.

B.      MOTION FOR LEAVE TO CONDUCT DISCOVERY

The Foundation argues that the trial court erred by denying its motion for leave to take discovery as moot. We disagree.

We review a trial court's discovery order for an abuse of discretion. *Richardson v. Gov't Emps. Ins. Co.*, 200 Wn. App. 705, 711, 403 P.3d 115 (2017), *review denied*, 190 Wn.2d 1008 (2018). We review de novo whether a legal claim or issue is moot. *Gronquist v. Dep't of Corr.*, 196 Wn.2d 564, 569, 475 P.3d 497 (2020). "A case becomes moot when a court can no longer provide effective relief." *Id*.

Here, the trial court did not reach the merits of the Foundation's motion for leave to take discovery and denied the motion as moot, so we review the issue de novo. *See id*. The trial court denied the Foundation's motion for leave to take discovery as moot because the entire case was dismissed. The remedy sought, leave to take discovery, could not be granted in a case that was no longer active or pending. Therefore, the trial court could no longer provide effective relief. Accordingly, we hold that the trial court did not err by denying the Foundation's motion for leave to take discovery as moot.[3]

We affirm.

---

[3] The Foundation asks us to rule that it is not necessary for a party to seek permission to conduct discovery in proceedings related to petitions for judicial review. The Foundation attempts to obtain an advisory opinion, which we decline to provide. *See Lewis County v. State*, 178 Wn. App. 431, 437, 315 P.3d 550 (2013), *review denied*, 180 Wn.2d 1010 (2014) (court "'steps into the prohibited area of advisory opinions'" where there is only moot disagreement and thus no justiciable controversy) (quoting *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973)).

No. 55642-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Veljacic, J.

_____, JPT
Ashcraft, J.P.T.[4]

---

[4] Judge Ashcraft is serving as a judge pro tempore of the court pursuant to RCW 2.06.150.