# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GAYLE ANNETTE AKKER, | No. 59641-5-II |
| Appellant, | |
| v. | |
| ABOUDRAMANE CISSE, | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Gayle Annettee Akker appeals the superior court's order awarding make-up residential time to Aboudramane Cisse under RCW 26.09.160. Akker argues that the court erred in awarding make-up time when it found Akker was not in contempt and did not act in bad faith. Because Akker's claim is moot and does not qualify as an exception for mootness, we decline to reach its merits and dismiss the appeal.

## FACTS

Gayle Annettee Akker and Aboudramane Cisse have a thirteen-year-old son. In March 2022, the superior court entered a parenting plan that lists Akker as the custodian of the child. Each parent has time with the child during winter break.

In 2024, Cisse filed a motion for contempt based on alleged violations of the parenting plan. Cisse claimed that Akker withheld the child during portions of the child's winter break covering late 2023 and early 2024. Cisse requested the court order Akker to pay a civil penalty

fine and attorney fees, to grant Cisse make-up time, and to order Akker to obtain a full psychiatric evaluation.

Regarding make-up time, Cisse requested the entire upcoming winter break to make up for half of the winter break he missed in 2023, as well as an extended weekend from September 12 through 18, 2024. The declarations filed in support of Cisse's motion included pictures of text messages between Cisse and Akker, to support the claim that Akker withheld the child from Cisse. In response, Akker argued that Cisse failed to go to the child's school and pick him up and that pick up at Akker's home was not memorialized in the parenting plan. Akker denied contempt but stated that she was amenable to Cisse receiving a make-up visit for January 3rd for four hours and Christmas Eve.

The superior court heard argument from the parties and acknowledged that it reviewed the text message exchanges and, referencing a finding regarding Akker in the parenting plan, noted the existence of mental health concerns. In its oral ruling, the court stated that "we can't say that [Akker is] operating on a different mental health issues and still find her to be actively willfully violating a Parenting Plan." Rep. of Proc. (RP) at 13. The court also stated, "while I find that the Parenting Plan was technically not violated in bad faith, the visits did not occur. And there are other ways that at least some of these visits could've occurred." RP at 14. In the contempt hearing order, the court explained that "when the . . . parenting plan is strictly construed[,] there is no violation to warrant a contempt finding." Clerk's Papers (CP) at 11. Although the court did not find Akker in contempt, it ordered her to pay $1,625 in attorney fees to Cisse and awarded him make-up time consisting of the entire winter break in 2024 (ending in January 2025) and the extended weekend from September 12 through 18 in 2024.

In April 2024, after Akker filed a motion for revision, the superior court concluded that "[p]ursuant to RCW 26.09.160(2)(b)(i) and (ii), there shall be no award of attorney fees to the respondent" and vacated the award of attorney fees to Cisse. CP at 14. However, the court denied revision of the ruling that Akker was not in contempt and did not violate the parenting plan in bad faith. The court also denied revision of the order granting Cisse make-up time.

Akker appeals.

## ANALYSIS

I.    MOOTNESS

Akker argues that the superior court erred in awarding make-up time to Cisse when the court found Akker was not in contempt under RCW 26.09.160. In response, Cisse argues that Akker's appeal is moot because by the time that this matter is adjudicated there will be no relief available to Akker. We agree that the appeal is moot.

A.    Standard of Review

We review whether an appeal is moot de novo. *Ctr. for Biological Diversity v. Dep't of Fish & Wildlife*, 14 Wn. App. 2d 945, 985, 474 P.3d 1107 (2020).

B.    Legal Principles

An appeal is moot if this court can no longer provide effective relief. *Gonzales v. Inslee*, 2 Wn.3d 280, 289-90, 535 P.3d 864 (2023); *City of Sequim v. Malkasian*, 157 Wn.2d 251, 259, 138 P.3d 943 (2006) ("'[t]he central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.'") (quoting 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H.

COOPER, A FEDERAL. PRACTICE AND PROCEDURE § 3533.3 (2d ed. 1984)). In general, we will dismiss a moot appeal. *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984). By not considering moot cases, the court "avoid[s] the danger of an erroneous decision caused by the failure of parties, who no longer have existing interest in the outcome of a case, to zealously advocate their position." *Id.* Moreover, refusal to consider moot cases prevents the court from stepping "'into the prohibited area of advisory opinions.'" *Lewis County v. State*, 178 Wn. App. 431, 437, 315 P.3d 550 (2013) (quoting *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973)).

However, there is an exception to dismissing a moot appeal; appellate courts have discretion to review a moot issue that involves matters of "continuing and substantial public interest." *Gonzales*, 2 Wn.3d at 289. In deciding if a case presents issues of "continuing and substantial public interest," we consider the following five factors:

> "(1) Whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur. A fourth factor may also play a role: the level of genuine adverseness and the quality of advocacy of the issues. Lastly, the court may consider the likelihood that the issue will escape review because the facts of the controversy are short-lived."

*Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 796, 225 P.3d 213 (2009) (internal quotation marks omitted) (quoting *In re Marriage of Horner*, 151 Wn.2d 884, 892, 93 P.3d 124 (2004)).

C.      Akker's Claim is Moot

We can no longer provide effective relief to Akker because the make-up time through the end of 2024 has already been exercised.  Accordingly, this case is moot, and Akker fails to show a continuous and substantial public interest to justify our review.[1]  *Gonzales*, 2 Wn.3d at 289-90; *Malkasian*, 157 Wn.2d at 259.

II.      ATTORNEY FEES ON APPEAL

Both parties request attorney fees on appeal.  Akker requests attorney fees pursuant to RAP 18.1 and RCW 26.09.140.  Cisse requests attorney fees pursuant to RAP 18.9 on the basis that Akker's appeal is frivolous.

An appellate court may award attorney fees "[i]f applicable law grants . . . a party the right to recover reasonable attorney fees or expenses on review."  RAP 18.1(a).  RCW 26.09.140 provides that on appeal, "the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorneys' fees in addition to statutory costs."  "An award of attorney fees under RCW 26.09.140 is based on consideration of 'the parties' relative ability to pay' and 'the arguable merit of the issues raised on appeal.'"  *In re the Marriage of Tupper,* 15 Wn. App. 2d 796, 815, 478 P.3d 1132 (2020) (internal quotation marks omitted) (quoting *In re Marriage of Muhammad,* 153 Wn 2d 795, 807, 108 P.3d 779 (2005)).

---

[1] Additionally, Akker contends that the court awarded time beyond what Cisse alleged he missed under RCW 26.09.160(2)(b)(i) and that it modified the final parenting plan in error because it did not follow the statutory procedures under RCW 26.09.260.  However, based on our conclusion that this appeal is moot, we do not reach the merits of this argument.

RAP 18.1(c) requires the filing of an affidavit of financial need in any action where applicable law mandates consideration of the financial resources of one or more parties regarding an award of attorney fees. Each party must serve upon the other, and file, a financial affidavit "no later than 10 days prior to the date the case is set for oral argument or consideration on the merits." RAP 18.1(c). Cisse filed the required affidavit; Akker did not. We find attorney fees are not warranted under RCW 26.09.140.

Cisse, in support for attorney fees under RAP 18.9(a), relies on *Chapman v. Perera*, 41 Wn. App. 444, 455-56, 704 P.2d 1224 (1985), to argue that Akker's appeal is not only moot but also frivolous because it "raises no issues subject to any debate" and "[t]here is no merit to any of the issues raised in [Akker's] opening brief and no relief which can be granted," and that he should be awarded his reasonable attorney fees "for the necessity of having to respond to this appeal." Br. of Resp't at 8. Under RAP 18.9(a), we have discretion to award sanctions, terms, or compensatory damages when a party files a frivolous appeal.

Here, Akker's appeal presented no debatable issues upon which reasonable minds might differ. Because Akker's appeal was frivolous, we grant Cisse's request for attorney fees in an amount to be determined by a commissioner of this court pursuant to RAP 18.1(d).

## CONCLUSION

We dismiss this appeal as moot, deny Akker's request for attorney fees, and grant Cisse's request for attorney fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Cruser, C.J.

Che, J.